Park v. Musgrave *et al.*, appellants.

*Injunction — sale of stocks deposited as a " margin."*

It was alleged in the complaint that defendants, a firm of stock brokers under claim of, but without right, were about to sell certain shares of stock deposited by plaintiff with them as a "margin" in a speculative transaction; that such sale would inflict irreparable injury upon plaintiff, and that the stock could not be then sold without a ruinous sacrifice by reason of a low market, and an accounting was demanded. *Held,* that plaintiff was not entitled to an injunction restraining the sale.

APPEAL from an order continuing an injunction restraining Musgrave & Co., the defendants, from selling certain stock belonging to plaintiff. The complaint contains in substance the following statement: Prior to September 27, 1873, Musgrave & Co. were carrying various stocks for one Hatch; they were also carrying 1,600 shares of Panama Railroad stock, purchased by Hatch on joint account of himself and plaintiff, but plaintiff was not interested in any other of the stocks. On September 27, 1873, plaintiff agreed that he would furnish Musgrave " sufficient security for margin," as to all the stocks, if Musgrave would carry them until orders from himself as to the Panama stock, and orders from Hatch as to the other stocks. Musgrave agreed with the plaintiff, " in consideration of the plaintiff's furnishing such security for the margin, the aforesaid stock shall be carried over the present time of low prices, not exceeding one year." Plaintiff then gave Musgrave 500 shares of Loan and Indemnity stock. In the early part of October Musgrave & Co. requested plaintiff to furnish them with other security upon the said agreement for carrying the stocks, and in response thereto the plaintiff gave them $20,000 in bonds of the Cayuga Lake Railrod Company. On the 14th of the same month Musgrave called on plaintiff, and told him that if he would give them $20,000 cash in place of the railroad bonds, they " would carry the stocks covered by said agreement, and make no further call for security or margin, until the said Panama stock fell to $70 per share." Plaintiff assented to the modification of the agreement, and gave Musgrave $20,000 cash, and took the bonds. The Panama stock has never fallen to $70, but has always been as high as $75 and upward.

On November 5th, Musgrave & Co., as a favor, requested plaintiff

to take 100 shares of the Loan and Indemnity stock, and give them $10,000, and the plaintiff did so on November 5th or 6th.

On November 13th, while plaintiff was sick, and unable to attend to business, he received a notice of the sale of the Panama stock, and the Loan and Indemnity stock for November 15th. Plaintiff notified Musgrave & Co. that he was sick, and that if they sold the stock he would hold them responsible. Musgrave & Co., however, did sell the 1,600 shares of Panama stock, at an average price of $84 a share, and realized $134,400.

On November 22d, Musgrave & Co. gave plaintiff notice of the sale of the Loan and Indemnity stock. This is the stock the sale of which is restrained by the order appealed from.

The complaint states that plaintiff has never received any account from Musgrave & Co., "in respect of said stocks and transactions," nor any statement showing what balance is due in respect to them, nor has any demand been made of the plaintiff for the payment of any sum or balance, and that irrespective of said agreement to carry said stocks, no sum is due from the plaintiff to Musgrave & Co., and avers, that if the agreement is lived up to, Musgrave & Co. have no right to sell, that the sale would be an irreparable injury to the plaintiff and a violation of his rights under the agreement, and that no sale could now be made except at a ruinous sacrifice in consequence of a low market; and prays an injunction against the sale of the Loan and Indemnity stock, the appointment of a receiver, the taking of an account, and the delivery to plaintiff of his said stock. The answer substantially denies the agreements set up in the complaint and denies its material allegations.

*John Sherwood* and *Augustus F. Smith,* for appellants.

*Blanchard & Miller,* and *E. L. Fancher,* for respondents.

BARRETT, J. The plaintiff does not make out a case for equitable relief. The substance of his complaint, stripped of all mere matters of evidence, is that the defendants, under claim of, but without real right, are about to sell certain shares of stock which belong to him, and which he deposited with them as a "margin" upon a certain speculative transaction. He claims that he is entitled to these shares, freed from the pledge, in consequence of the alleged misconduct of the defendants with respect to the principal transaction.

Park v. Musgrave.

If his statements are true, he has a perfect remedy at law. Let him demand his collaterals and, if they are refused or sold, bring his appropriate action for damages.

There is no averment of the defendants' insolvency, nor is even a doubt cast upon their responsibility. It is not charged that there is any thing peculiar in the character of the shares, that they cannot be readily replaced, nor that there is any difficulty in showing their market value.

The mere general averment of irreparable injury, without showing in what respect, as a matter of fact, is of itself insufficient to justify the granting of an injunction. The fact of a "low market" is not enough, because, for aught that appears, the plaintiff can protect himself at the sale, and for the further reason that his damages will not be measured by the prices realized thereon.

Nor can the difficulty suggested be avoided or evaded by the demand of an accounting. Such a prayer is a *non sequitur* from the statement of the cause of action. On the plaintiff's own showing he had but a single transaction in stocks with the defendant, and the *gravamen* of his complaint is the tortious conversion of these stocks, resulting from their sale in violation of an alleged agreement to hold them until the happening of a certain contingency.

As the injunction, for these reasons, should not have been granted, it will be unnecessary to consider the other questions discussed upon the argument.

The order appealed from should be reversed, the motion to continue the injunction denied and the temporary injunction dissolved, with $10 costs.

DAVIS, P. J., and DANIELS, J, concurred.

*Ordered accordingly.*